# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DAVID L. COBBLE, : CIVIL ACTION NO.
    Petitioner, : 1:92-CV-1268-RWS
     :
v. :
     : HABEAS CORPUS
RALPH KEMP, : 28 U.S.C. § 2254
    Respondent. :

## ORDER

This habeas corpus case is before the Court on Petitioner David L. Cobble's "Motion to Reopen Habeas Corpus to Adjudicate Unadjudicated Claims and Issues" [Doc. 82] and his "Submission of Additional Facts to Support Claims" [Doc. 86].[1] For the reasons set forth below, Petitioner's motion to reopen case [Doc. 82] will be denied.

## Background

On May 26, 1992, Petitioner filed his 28 U.S.C. § 2254 habeas corpus petition, seeking to challenge his 1989 convictions in the DeKalb County Superior Court. [Docs. 1, 60]. Thereafter, transcripts of Petitioner's jury trial in the DeKalb County

---

[1] The record reflects that Petitioner is presently incarcerated at the Wheeler Correctional Facility ("WCC") in Alamo, Georgia. [Docs. 85 and 86]. The warden of the WCC is Ralph Kemp. Accordingly, Ralph Kemp will be substituted in place of Warden David Thompson as the respondent in this case.

Superior Court and state habeas corpus proceedings were filed with this Court. [Docs. 6 and 11]. Petitioner submitted, <u>inter</u> <u>alia</u>, the following pleadings in support of his numerous claims set forth in the petition: (1) brief [Doc. 13]; (2) supplemental brief [Doc. 21]; (3) motion for summary judgment [Doc. 24]; and (4) motion to amend his petition [Doc. 49].

On May 11, 1993, the assigned magistrate judge denied Petitioner's motion for summary judgment. [Doc. 26]. The record reflects that in 1994, Petitioner filed a mandamus action in the Eleventh Circuit Court of Appeals in which he asserted delay in connection with the magistrate judge's rulings on Petitioner's claims. [Doc. 52 at 1]. The Eleventh Circuit denied Petitioner's mandamus action without prejudice to renewal. [<u>Id.</u>]. By order entered on November 4, 1994, the Honorable Frank M. Hull withdrew the reference to the assigned magistrate judge, vacated the order denying the summary judgment motion, and granted Petitioner's motion to amend his petition. [<u>Id.</u> at 1-2]. Subsequently, on December 9, 1994, Petitioner filed an amended motion for summary judgment. [Doc. 55].

On January 12, 1995, Judge Hull entered an order denying Petitioner's § 2254 petition. [Doc. 60]. Judge Hull carefully detailed the procedural history of the case in that order, consisting of the following: (1) the pre-trial proceedings; (2) the evidence

2

presented at the jury trial; (3) the decision by the Georgia Court of Appeals to affirm Petitioner's convictions and sentences, Cobble v. State, 404 S.E.2d 134 (Ga. Ct. App. 1991); (4) the denial of Petitioner's two state habeas corpus petitions; and (5) the procedural background of Petitioner's § 2254 petition. [Id. at 1-17]. Judge Hull found that all of the relevant facts were developed at Petitioner's trial and state post-conviction proceedings, and that Petitioner had received a full and fair hearing at the state level. [Id. at 18-20]. Consequently, Judge Hull denied Petitioner's request for an evidentiary hearing pursuant to 28 U.S.C. § 2254(d). [Id.].

In the January 12, 1995, Order, Judge Hull considered the following claims raised by Petitioner in his various pleadings:

(1) trial counsel rendered ineffective assistance of counsel by:

    (a) misrepresenting facts as to trial readiness;

    (b) withholding information from the court as to what needed investigating;

    (c) falsifying testimony about the number of times he talked to Petitioner prior to trial;

    (d) ignoring a conflict of interest while conveying to the trial court that Petitioner was arbitrarily refusing to cooperate;

3

(e) refusing to convey to the trial court the true marital status of Petitioner and his ex-wife;

(f) refusing to tell the trial court that the incident was an accident;

(g) withholding indictment papers from Petitioner after Petitioner requested them;

(h) failing to investigate until after a lawsuit was filed;

(i) refusing to ask for a continuance; and

(j) entering a guilty plea without asking Petitioner;

(2) Petitioner was forced into waiving counsel and defending himself because his trial counsel refused to:

(a) inform the state court that he was not ready for trial;

(b) inform the state court of needed investigations;

(c) ask the state court for a continuance;

(d) inform the court that the incident was an accident; and

(e) investigate the mitigating circumstances.

(3) the trial court violated Petitioner's right to a fundamentally fair trial as well as his Sixth and Fourteenth Amendment rights by:

(a) failing to investigate a potential conflict of interest between trial counsel and Petitioner;

(b) knowing that investigations were still needed;

(c) refusing to investigate when it learned that trial counsel was withholding indictment papers from Petitioner;

(d) making impermissible statements; and

(e) refusing to charge the jury with the lesser offense of reckless conduct;

(4) appellate counsel rendered ineffective assistance of counsel by:

(a) failing to argue unintelligent waiver of counsel;

(b) failing to argue ineffective assistance of counsel;

(c) raising eighty percent of issues on appeal that were unappealable;

(d) failing to cite axiomatic U.S. Supreme Court laws in regard to the remaining twenty percent of issues which dealt with conflict of interest;

(e) failing to file a motion for an in camera inspection after being notified of alterations in the transcripts;

(f) deliberately keeping Petitioner from his transcripts;

(g) refusing to petition the court for a private investigator;

(h) withholding records from the court that would have helped to prove ineffective assistance of counsel;

5

(i) failing to argue the merits of the lawsuit; and

(j) making false statements to Petitioner and the State Bar of Georgia.

(5) the prosecutor committed misconduct by:

(a) making impermissible statements that violated Petitioner's Fifth Amendment rights;

(b) making false statements;

(c) allowing false testimony by two state witnesses; and

(d) making alterations in trial and pretrial transcripts; and

(6) the prosecutor violated Petitioner's due process rights by:

(a) knowingly using false testimony before the grand jury in order to procure Petitioner's indictment; and

(b) withholding medical records from the grand jury and the trial proceedings in order to prevent Petitioner from proving that the state's "ricochet" version of the incident was false.

[Id. at 20-46]. In denying federal habeas corpus relief, Judge Hull concluded that each of these claims for relief was either without merit or procedurally barred. [Id.]. Furthermore, when denying Petitioner's motion and amended motion for summary judgment, Judge Hull explained that:

6

> [i]t is unclear whether such civil motions are procedurally proper in a Petition for Writ of Habeas Corpus. However, as outlined above, Petitioner's Writ of Habeas Corpus is without merit. Therefore, even if the Motions for Summary Judgment are procedurally allowed, this Court has reviewed the record and all of Petitioner's claims carefully, and found that Petitioner is not entitled to habeas relief as a matter of law.

[Id. at 46].

On January 20, 1995, Petitioner moved for reconsideration of the January 12, 1995, Order. [Doc. 62]. Therein, Petitioner contended that Judge Hull had improperly refused to consider his motion and amended motion for summary judgment "in disposing of the instant case." [Id.]. On March 6, 1995, Judge Hull denied Petitioner's motion for reconsideration. [Doc. 63].

Thereafter, pursuant to Federal Rule of Civil Procedure 60(b)(6), Petitioner filed a "Motion to Reverse Judgment and Grant Habeas Writ." [Doc. 71]. In that motion, Petitioner complained that the court's January 12, 1995, Order "denied Petitioner total access" to the summary judgment provisions set forth in Fed.R.Civ.P. 56 "and thus denied Petitioner the habeas writ in violation of clearly established law." [Id. at 1]. On August 2, 1995, Judge Hull denied this motion. [Doc. 73]. Petitioner then moved for reconsideration of the August 1, 1995, Order, contending in part that he "retains

an undeniable right to the summary judgment process . . . ." [Doc. 75]. On September 8, 1995, Judge Hull denied this motion for reconsideration. [Doc. 76].

On August 25, 2006, Petitioner filed the instant "Motion to Reopen Habeas Corpus to Adjudicate Unadjudicated Claims and Issues." [Doc. 82].[2] Therein, Petitioner contends that Judge Hull "exercised a judicial usurpation of power over the case by (1) "setting aside all pleadings and other documents Petitioner filed in support of his constitutional claims"; (2) "misrepresenting the law regarding the legal status of motions for summary judgment in habeas corpus cases"; and (3) "misrepresented the legal status of Petitioner's constitutional claims of perjury, prosecutor's false and knowing use of perjured and otherwise false testimony." [Id. at 5-13]. Petitioner has submitted a pleading in which he seeks to submit additional facts to support "his claims of ineffective assistance of counsel, perjury and prosecutor's false statements and knowing use of perjury." [Doc. 86 at 1].

## **Discussion**

The Eleventh Circuit has held that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by an attorney and will, therefore, be liberally

---

[2] On October 3, 1997, Judge Hull was appointed to serve on the Eleventh Circuit. Accordingly, the instant action has been reassigned to the undersigned for the purpose of addressing Petitioner's motion to reopen.

8

construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). With this principle in mind, this Court will construe Petitioner's motion to reopen as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). The instant action, therefore, will be reopened for the limited purpose of addressing Petitioner's Rule 60(b) motion.

Rule 60(b) provides a limited basis for relief for a party seeking relief from a final judgment in a § 2254 habeas case. Williams v. Chatman, 510 F3d 1290, 1293 (11th Cir. 2007). In the context of a habeas action, the Supreme Court has held that a Rule 60(b) motion that "seeks to add a new ground for relief," or "attacks the federal court's previous resolution of a claim on the merits," constitutes a second or successive habeas petition. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005).[3] Conversely, where

---

[3] The Eleventh Circuit in Williams recognizes that:

When a Rule 60(b) motion qualifies as a second or successive habeas petition as defined in Gonzalez, it must comply with the requirements for such petitions under the [Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA")]. The AEDPA imposes three basic requirements on successive habeas petitions. First, "any claim that has already been adjudicated in a previous petition must be dismissed." Second, any new claim that was not already adjudicated must be dismissed unless it relies on "a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." Finally, before a district court can accept a successive habeas petition, "the court of appeals must determine that it presents a claim not

9

a Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion should not be considered a second or successive habeas petition." Id. The Supreme Court explains that:

> The term "on the merits" has multiple usages. We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (b). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

Id. at 532 n.4 (citation omitted).

A careful review of Petitioner's Rule 60(b) motion reveals that Petitioner essentially attempts to challenge defects in the integrity of the habeas corpus proceeding. Specifically, Petitioner complains that Judge Hull failed to consider the entire record presented by Petitioner, improperly denied Petitioner the right to

---

> previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions."

Williams, 510 F.3d at 1294 (citations omitted).

disposition of his case under a summary judgment standard, and "misrepresented the legal status" of some of Petitioner's grounds for relief. [Doc. 82 at 5-13]. Because the motion does not constitute at its core a second or successive petition, this Court concludes that it has jurisdiction to review whether Petitioner is entitled to Rule 60(b) relief.[4]  See Williams, 510 F.3d at 1295.

This Court will now consider whether Petitioner is entitled to relief under any provision of Rule 60(b). Specifically, this rule allows a party to be relieved from judgment due to:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

---

[4] By contrast, in Petitioner's pleading entitled "Submission of Additional Facts to Support Claims" [Doc. 86], it appears that Petitioner seeks to attack Judge Hull's ruling on the merits with respect to some of Petitioner's ineffective-assistance-of-counsel claims. [Doc. 86 at 2-4]]. To the extent that Petitioner asks this Court to review any of Petitioner's claims on the merits, this Court lacks jurisdiction to do so because Petitioner has not obtained the requisite certification from the Eleventh Circuit. See 28 U.S.C. § 2244(b)(3)(A); Williams, 510 F.3d at 1294-95.

11

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c).

Petitioner filed the instant motion on August 25, 2006, over eleven years after the Court entered judgment against him in this § 2254 petition. Consequently, he is not entitled to any relief pursuant to Rule 60(b)(1), (2), or (3). Petitioner's motion also does not remotely suggest that he is entitled to relief pursuant to Rule 60(b)(5). Furthermore, Petitioner provides no explanation as to why he waited over eleven years to file the instant motion for reconsideration. Such a delay is deemed unreasonable, and this Court finds that he is not entitled to assert any relief pursuant to Rule 60(b)(6). See Gonzalez, 545 U.S. at 537-38 (holding that Rule 60(b)(6) relief is not available when the plaintiff had not acted diligently in pursuing review of the issue at an earlier time).

The Eleventh Circuit has "approved of the principle that virtually any amount of time is a 'reasonable time' for making a Rule 60(b)(4) claim." Turner v. Howerton,

12

196 F. App'x 848, 852 (11th Cir. 2006) (citing <u>Hertz Corp. V. Alamo Rent-A-Car, Inc.</u>, 16 F.3d 1126, 1130 (11th Cir. 1994)). Even if the instant motion is deemed file within a reasonable time for purposes of seeking Rule 60(b)(4) relief, this Court concludes that it is without merit.

None of Petitioner's contentions regarding Judge Hull's purported "usurpation of power" suggest that the Court's judgment is void. Petitioner has provided no evidence to show that Judge Hull set aside any pleading and refused to consider the entire record when making her extensive findings and conclusions in the January 12, 1995, Order. Furthermore, a careful review of the record reveals that Judge Hull addressed each of Petitioner's claims for relief and applied the proper standards of review in effect at that time when considering a § 2254 petition. Furthermore, the undersigned notes that Judge Hull had denied Petitioner's repeated contention in his prior motions for reconsideration of the January 12, 1995, Order, that she had improperly refused to consider his summary judgment motions when denying the instant petition. [Docs. 63, 73, and 76]. Petitioner has advanced no argument to cause this Court to revisit Judge Hull's rejection of this meritless contention.

Petitioner complains that Judge Hull misrepresented his due process claims pertaining to the prosecutor's false statements and knowing use of perjured testimony.

13

Petitioner contends, therefore, that Judge Hull then declined to rule on these issues. [Doc. 82 at 7]. In the January 12, 1995, Order, however, Judge Hull ruled that these due process claims were procedurally defaulted. [Doc. 60 at 43-45]. Petitioner has failed to advance any arguments to suggest that this ruling was erroneous, much less that the integrity of the federal habeas proceeding was defective to such extent that the judgment should be deemed void. Accordingly, Petitioner is not entitled to relief pursuant to Rule 60(b)(4).

## Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that the instant action is **REOPENED** for the purpose of considering Plaintiff's Rule 60(b) motion for reconsideration and that the motion [Doc. 82] is **DENIED**.

**IT IS FURTHER ORDERED** that WCC Warden Ralph Kemp is **SUBSTITUTED** for David Thompson as the party Respondent.

**IT IS SO ORDERED**, this  2nd  day of October, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

14